**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Carol L. Skinner</u>

    v.                              Civil No. 09-cv-193-JL

<u>Salem School District</u>

### <u>ORDER</u>

Before the court is Carol L. Skinner's complaint (doc. no. 1), alleging that defendant, Salem School District, fired her unfairly and without cause in October 2006. The matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (magistrate judge directed to perform preliminary review of complaints filed in forma pauperis).

### <u>Standard of Review</u>

Under this court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). "The policy behind affording pro se plaintiffs liberal interpretation is that if

they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Skinner alleges that she worked for the Salem School District ("District") for ten years in food service, ending in October 2006, first as a substitute and ultimately in a permanent position. In December 2005 and January 2006, Skinner took time off for knee surgery. She returned to work and completed the school year in the same job she had held prior to her surgery.

When the new school year began in August 2006, Skinner came back to work. Her knee was very painful at that time, but she

could still work.  On her doctor's advice, she was using a cane to alleviate pain.  Skinner's director saw her using a cane, told Skinner that she did not want her to use it, and sent her home.

The next time Skinner's director saw her with a cane, she again told Skinner not to use it.  Skinner told the director that she would not use the cane.

Skinner attended a meeting with District staff in October 2006.  At the meeting, she received a letter notifying her that she was being terminated because she was slow.  Skinner denies that she was slow, cites her ten years of employment in the District, and notes that the District replaced her with three people.

In 2007, Skinner filed a claim with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 16D-2007-00013.  Skinner provides no further information regarding the EEOC charge.

## Discussion

In employment discrimination cases, persons alleging illegal discrimination must first show that they have exhausted their administrative remedies.  See, e.g., Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999) (exhaustion of

EEOC procedures is prerequisite to employment discrimination suit under Title VII, 42 U.S.C. § 2000e et seq.); see also 42 U.S.C. § 12117(a) (Americans with Disabilities Act claims are subject to procedural requirements of Title VII); 29 U.S.C. § 626(d)(1) (requiring person to file EEOC charge before filing Age Discrimination in Employment Act ("ADEA") case).  If the EEOC dismisses or terminates the charges, it provides the complainant with a notice of the right to sue.  See, e.g., 29 U.S.C. § 626(e) (ADEA).  The person alleging discrimination must file an action in federal court within 90 days of receiving a right to sue letter.  See id.

    Skinner indicates that she filed an EEOC charge in 2007, but does not elaborate on the nature of her EEOC claims or the outcome of the EEOC process.  As Skinner has alleged that she was terminated unfairly and "for no reason," Complaint at 1, it is unclear whether she is alleging any form of discrimination that is cognizable under federal law (for example, race, sex, age, or disability discrimination) or whether she is alleging another basis for a finding of liability.  Skinner has also failed to state any demand for damages or equitable relief.  Under these circumstances, I cannot properly evaluate the claims or determine

if this court has jurisdiction.  <u>See</u> LR 4.3(d)(1)(B).

Accordingly, I will grant Skinner leave to file an amended complaint within 20 days of this Order.  <u>See</u> LR 4.3(d)(1)(B)(ii). In the amended complaint, Skinner shall more fully state facts regarding:  (1) her EEOC charge; (2) the reasons why the District is liable for terminating her, including, for example, the District's true motive; and (3) the type of relief that she is requesting.

To aid the court in evaluating her claims, Skinner shall file, within 20 days, an attachment to her amended complaint consisting of:  (1) a copy of the complaint filed in EEOC Charge No. 16D-2007-00013; and (2) an EEOC right to sue letter or any findings issued by the EEOC on her charge.

Failure to provide the court with the information specified in this Order within 20 days may impact the court's ability to hear the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 23, 2009

cc:   Carol L. Skinner, pro se