```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Carol Skinner

    v.                                    Civil No. 09-cv-193-JL
                                          Opinion No. 2010 DNH 111
Salem School District

**SUMMARY ORDER**

This court recently denied the defendant Salem School District's motion for judgment on the pleadings, rejecting its argument that Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, cannot be used to bring an employment discrimination claim against a public entity. Finding the statute ambiguous in that regard, this court deferred to the implementing agency's reasonable construction of the statute as encompassing such claims. See Skinner v. Salem Sch. Dist., --- F. Supp. 2d ---, 2010 DNH 106, 2 (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984)). The school district has now moved for reconsideration of that ruling, see L.R. 7.2(e), and for certification of an interlocutory appeal, see 28 U.S.C. § 1292(b). Both motions are denied, for the reasons explained below.

I. **Motion for reconsideration**

A motion for reconsideration must "demonstrate that the [court's] order was based on a manifest error of fact or law." L.R. 7.2(e). Here, the school district argues that this court

made a legal error by failing to apply the so-called "clear statement rule" of statutory construction, which is that "if Congress intends to alter the usual constitutional balance between the States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute." Gregory v. Ashcroft, 501 U.S. 452, 460 (1991) (quotation omitted). The school district argues that this rule trumps the Chevron doctrine, meaning that any ambiguity in Title II must be resolved in its favor, not in favor of the implementing agency's construction.

The school district has not explained why it failed to raise this new legal theory in its motion papers or during oral argument. A motion for reconsideration generally "'does not provide a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" See Bourne v. Town of Madison, 2009 DNH 169, 6 (DiClerico, D.J.) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

In any event, the theory is unpersuasive. Title II expressly applies to any "public entity," 42 U.S.C. § 12132, which is defined to mean "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."

42 U.S.C. § 12131.  So there is no question that Congress intended for the statute to apply to state and local government entities, including school districts.  Cf. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998) (concluding, where a state prison made a similar argument, that "Title II . . . unambiguously extends to state prison inmates" and thus satisfies the clear statement rule, assuming arguendo that the rule even applied).

Moreover, this court's ruling that Title II prohibits such entities from discriminating against disabled employees cannot reasonably be said to "alter the usual constitutional balance between the States and the Federal Government."  Another provision in the ADA (Title I) expressly prohibits employment discrimination by such entities.  See 42 U.S.C. § 12112(a); Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169, 1172 (9th Cir. 1999).  Title II merely offers another vehicle for challenging that conduct.  The fact that it does not require exhaustion of administrative remedies (as Title I does) is not so significant as to create a constitutional imbalance.

Accordingly, the school district's motion for reconsideration[1] is denied.

---

[1]Document no. 21.

## II. Motion to certify interlocutory appeal

Turning to the school district's motion to certify an interlocutory appeal, this court may grant such a motion if it determines that its ruling "involves a controlling question of law," that "there is a substantial ground for difference of opinion" as to that legal issue, and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification, however, "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda v. Municip. of Hormiqueros, 395 F.3d 7, 9 (1st Cir. 2005) (quotation omitted).

There is no question that this court's ruling involved a controlling question of law. Had this court interpreted Title II as excluding employment discrimination claims, then the school district would have been entitled to judgment on Skinner's sole remaining claim. But that question is not so difficult and unsettled as to warrant the exceptional use of an interlocutory appeal. It is true, as the school district emphasizes, that the question has divided the federal circuit courts of appeal. Compare Bledsoe v. Palm Beach County Soil & Water Conservation Dist., 133 F.3d 816 (11th Cir. 1998), with Zimmerman, 170 F.3d at 1169. But our court of appeals has discussed the issue at length

4

in dicta, see Currie v. Group Ins. Comm'n, 290 F.3d 1, 6 (1st Cir. 2002), and its analysis all but compels the conclusion that this court reached, which is the clear majority view among district courts. See Zimmerman, 170 F.3d at 1183.

Given the strong signal sent by Currie, certification of an interlocutory appeal seems more likely to delay the ultimate resolution of this case than to materially advance it. The school district's motion for certification of an interlocutory appeal[2] is therefore denied.

**SO ORDERED.**

Joseph N. Laplante
United States District Court

Dated: July 7, 2010

cc: Carol Skinner, pro se
    Debra Weiss Ford, Esq.

---

[2]Document no. 22.